**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PEOPLEASE CORPORATION,

   Plaintiff,

v.                                                                             Case No: 5:16-cv-704-Oc-30PRL

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD and
CONTINENTAL CASUALTY
COMPANY,

   Defendants.

## ORDER

THIS CAUSE comes before the Court on Third-Party Defendants the Maldonados's[1] Motion to Dismiss (Doc. 42), and Third-Party Plaintiffs National Fire Insurance Company of Hartford ("NFICH") and Continental Casualty Company's ("CCC") response (Doc. 47). Having considered the motion, response, the Third-Party Complaint (Doc. 3), and the relevant law, the Court concludes the motion should be denied.

## BACKGROUND

According to the Third-Party Complaint, Eliezer Soto Maldonado, Sr., Deborah Maldonado, Eliezer Soto Maldonado, Jr., and Anadeliz Maldonado were involved in a series of car accidents on December 2, 2012. In the first accident, the Maldonados's vehicle

---

[1] The motion is filed by Eliezer Soto Maldonado, Sr., individually; and as duly appointed representative of the estates of Deborah E. Maldonado and Eliezer Soto Maldonado, Jr.; and as next friend of Anadeliz Maldonado.

was struck by Lanessa Riobe on Interstate 75, disabling the vehicle in the middle northbound lane. The occupants received only minor injuries from this accident. Several minutes later, Theorphilius Clark crashed into the disabled vehicle while driving a tractor-trailer, killing Deborah Maldonado and Eliezer Maldonado, Jr.

At the time of the accident, Clark was employed by PeopLease Corporation, the Plaintiff in this case. PeopLease leases its employees, like Clark, to other businesses. At the time of the accident, PeopLease had leased Clark to Wayne T. Fellows, Inc., which also owned the tractor-trailer driven by Clark. Third-Party Plaintiffs NFICH and CCC issued a Businessowners Liability Coverage policy and umbrella insurance policy to PeopLease, respectively. Sentry Select Insurance Company insured Wayne T. Fellows, Inc.

Eliezer Maldonado, Sr. filed suit against Clark, PeopLease, and others. NFICH and CCC denied coverage for defense and indemnity to PeopLease and Clark in the underlying lawsuit. PeopLease then filed this lawsuit against NFICH and CCC to determine its rights under the insurance policies and for breach of contract. In the Counterclaim and Third-Party Complaint, NFICH and CCC are seeking a declaration as to their rights under the insurance policies, as well as for a declaration regarding the priority of insurance between PeopLease's insurance and that of Wayne T. Fellows, Inc. In addition to PeopLease and Wayne T. Fellows, Inc., the Third-Party Complaint also lists as Third-Party Defendants Clark, Sentry Select Insurance Company, and—important for the purposes of this motion—the Maldonados.

## DISCUSSION

The Maldonados argue the Third-Party Complaint against them should be dismissed because it does not comply with Federal Rule of Civil Procedure 14. More specifically, the Maldonados argue the Third-Party Complaint "does not state that [they are] or may be liable for all or part of the Third Party Plaintiffs claim against it." (Doc. 42, p. 2). NFICH and CCC argue the Maldonados are indispensable parties and must be joined.

The Court agrees with NFICH and CCC. As the Eleventh Circuit has explained,

> In *Ranger Insurance Company v. United Housing of New Mexico,* 488 F.2d 682 (5th Cir. 1974), this court explained that absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, "the claimants' interests would be prejudiced." *Id.* at 683.

*Geico Gen. Ins. Co. v. Gould*, 595 Fed. Appx. 901, 906 (11th Cir. 2014); *see also Am. Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540, 542 (11th Cir. 2005). Here, NFICH and CCC properly joined the Maldonados—the underlying tort claimants—as Third-Party Defendants since their interests would be prejudiced by not allowing them to participate in this action.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Third-Party Defendants the Maldonados's Motion to Dismiss (Doc. 42) is DENIED.

2. Third-Party Defendants the Maldonados have fourteen (14) days from the date of this Order to respond to the allegations in the Third-Party Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of February, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4